UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. GREGORY SKREHOT, Defendant. | CR. 18-50067-JLV ORDER |

**INTRODUCTION**

Defendant Gregory Skrehot, appearing *pro se*, filed a motion for compassionate release on January 5, 2021. (Docket 44). Pursuant to Amended Standing Order 20-06, the Federal Public Defender for the Districts of South Dakota and North Dakota ("FPD") and the United States Attorney for the District of South Dakota filed records, submissions and briefing on his motion. (Dockets 48, 50, 53-55, 58, 59). For the reasons stated below, defendant's motion is denied.

**AMENDED STANDING ORDER 20-06**

Amended Standing Order 20-06,[1] captioned "Establishing a Procedure for Compassionate Release Motions Under the First Step Act," put in place "a procedure for submission and consideration of compassionate release motions under the First Step Act, 18 U.S.C. § 3582(d)(l)(A), in the wake of the spread of the COVID-19 virus into the federal prison system." (ASO 20-06 at p. 1). By the standing order, the FPD and the United States Attorney for the District of

---

[1]See https://www.sdd.uscourts.gov/socraa.

South Dakota are "to place [the defendant] into one of four categories[.]" Id.

¶ 4. Those categories are:

    a.    High Priority Cases where there exists some combination of: (i) medical issues that correspond to the categories outlined in the commentary to U.S.S.G. § 1.B.1.13; (ii) recognized COVID-19 risk factors in the inmate's medical history; and/or (iii) imprisonment in a federal facility known to have a serious COVID-19 outbreak in its population. . . .

    b.    Intermediate Priority Cases where identified medical issues and/or COVID-19 risk factors and/or institutional concerns are less extreme than High Priority Cases.

    c.    Low Priority Cases where there are no identifiable medical issues or COVID-19 risk factors.

    d.    Unknown Risk Cases where there is a lack of sufficient information to categorize the request for compassionate release.

Id. The FPD and U.S. Attorney are to "immediately report the categorization . . . to the Clerk of Court and the Probation Office." Id.

## MR. SKREHOT'S CLASSIFICATION

On January 11, 2021, the FPD and the U.S. Attorney filed a notice designating Mr. Skrehot as an Intermediate Priority case. (Docket 46).

## FACTUAL BACKGROUND

Mr. Skrehot pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A). (Dockets 24 & 28). On December 12, 2019, Mr. Skrehot was sentenced to a term of imprisonment of 120 months followed by five years of supervised release. (Dockets 41 & 42 at pp. 2-3). A presentence investigation report ordered by the court calculated

Mr. Skrehot's advisory guideline range as 108 to 135 months of imprisonment based on a total offense level of 21 and his criminal history category I.  (Docket 36 ¶ 68).   However, by statute a mandatory minimum sentence of ten years applied.  Id.   The court sentenced Mr. Skrehot to the mandatory minimum sentence.

Mr. Skrehot is currently an inmate at FCI Beckley, a medium security facility with adjacent minimum security camp, in Beaver, West Virginia.   Fed. Bureau Prisons, https://www.bop.gov/inmateloc/ (last checked August 5, 2021).   The total inmate population at FCI Beckley is currently 1,559 persons. https://www.bop.gov.locations/institutions/bec/ (last checked August 5, 2021).   As of August 5, 2021, there are no active COVID-19 cases among inmates and staff at FCI Beckley.   https://www.bop.gov/coronavirus/ (last checked August 5, 2021).   FCI Beckley reported no deaths of inmates or staff as a result of COVID-19, and 198 inmates and 89 staff have recovered as of August 5, 2021.   Id.

Mr. Skrehot has a scheduled release date of June 10, 2027.   (Docket 50 at p. 71).   He has served approximately 25 percent of his statutory sentence, and under his current status in the Bureau of Prisons ("BOP") Mr. Skrehot is eligible for home detention on December 10, 2026.   Id. at pp. 71-72.   Mr. Skrehot is 61 years old.   See https://www.bop.gov/inmateloc/.

## MR. SKREHOT'S MOTION

Mr. Skrehot's *pro se* motion seeks compassionate release on the basis of extraordinary and compelling reasons in light of his medical conditions and confinement during the COVID-19 pandemic. (Docket 44 at p. 1). Mr. Skrehot states he has asthma and a "cancer issue." Id. Mr. Skrehot asks the court to consider his age and the high infectivity rate at FCI Beckley in support of his request. Id.

On January 26, 2021, the FPD filed a supplement to his *pro se* motion. (Docket 54). Mr. Skrehot, through counsel, argues he is at increased risk of severe illness from COVID-19 due a history of smoking, being obese or overweight, asthma, history of basal cell carcinoma (skin cancer), sex (male), age, and the conditions of his confinement. Id. at pp. 7-10. Mr. Skrehot also contends the 18 U.S.C. § 3553(a) factors favor a sentence of time served. Id. at 12. In support of his argument, Mr. Skrehot states his lack of pre-offense criminality, length of time served, post-sentencing rehabilitation, good conduct in custody, and lack of danger to the community make him a good candidate for early release. Id. at pp. 13-14.

The court has conducted a detailed review of Mr. Skrehot's medical records in this case. Mr. Skrehot's medical records confirm the following medical conditions:

- Asthma. (Docket 50 at p. 43);
- Cutaneous abscess. Id.;

- Seborrheic dermatitis.  Id.; and

- Contact dermatitis.  Id.

Mr. Skrehot's asthma is managed with an albuterol inhaler and a mometasone furoate inhaler and a topical ointment is prescribed as needed for dermatitis.  Id. at pp. 7-8, 50.  Mr. Skrehot is 71 inches tall and his most recent recorded weight is 203 pounds.  Id. at p. 6; see also Docket 36 ¶ 51.  Based on his height and weight, Mr. Skrehot has a body mass index (BMI) of 28.3, which is in the overweight category, not obese.  See Adult BMI Calculator, Ctr. for Disease Control & Prevention, https://www.cdc.gov/ healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculat or.html (last checked Apr. 5, 2021); see also Docket 50 at p. 4.  Mr. Skrehot received a first dose of the Pfizer COVID-19 vaccine on January 21, 2021.  (Docket 55 at p. 66).

**UNITED STATES' OPPOSITION**

The government opposes Mr. Skrehot's motion for compassionate release. (Docket 58).  First, the government argues Mr. Skrehot fails to show COVID-19's impact on him constitutes "extraordinary and compelling reasons" for release.  Id. at p. 7.  The government asserts Mr. Skrehot is not obese, does not have moderate to severe asthma, the reports of his tobacco use are inconsistent, being male is not a risk factor and he does not have a current cancer diagnosis.  Id. at pp. 7-10.  The government argues "[a] defendant who

cannot show he has a medical condition that puts him at risk for COVID-19 cannot demonstrate 'extraordinary and compelling' circumstances." Id. at p. 5.   The government advises the BOP has a plan for administering vaccinations to inmates and staff and has begun to do so.  Id. at pp. 2, 12-13.  Finally, the government argues the 18 U.S.C. § 3553(a) factors weigh against granting Mr. Skrehot compassionate release.  Id. at pp. 11-12.  According to the government, Mr. Skrehot has not served a significant portion of his sentence for an offense that was serious in nature and releasing Mr. Skrehot early does not promote respect for the law, provide sufficient punishment, or deter similar criminal activity.  Id. at p. 12

In reply, Mr. Skrehot argues his medical conditions when viewed together along with his age, sex, and the conditions of confinement support granting the motion for compassionate release.  (Docket 59 at pp. 1-5).  Mr. Skrehot contends having received a first dose of a COVID-19 vaccine does not disqualify him from consideration for release.  Id. at pp. 5-6.  Mr. Skrehot also claims his case is similar to others where the court granted compassionate release motions.  Id. at pp. 6-7.  Finally, Mr. Skrehot contends the 3553(a) factors do not weigh against his release.  Id. at pp. 7-8.

## ANALYSIS

### Administrative Exhaustion

Section 3582(c) permits the district court to consider an inmate's request for compassionate release after he exhausts the administrative remedies

mandated by the statute. 18 U.S.C. § 3582(c)(1)(A)(i). The government does not contend Mr. Skrehot failed to exhaust his administrative remedies. See generally Docket 58. Accordingly, the court will address the merits of Mr. Skrehot's request.

**Extraordinary and Compelling Reasons**

"Section 3582(c)(1)(A)(i) does not attempt to define the 'extraordinary and compelling reasons' that might merit compassionate release." United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). That task was left to the United States Sentencing Commission. See 28 U.S.C. § 994(t). Prior to the First Step Act, the Sentencing Commission established four categories for "extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." See id. Those categories generally focus on the defendant's age, medical condition, family situation and any other reasons the BOP deems to be extraordinary and compelling. U.S.S.G. § 1B1.13 comment. n.1. The four categories have not been updated since December 2018 when the First Step Act became law.[2]

The court previously surveyed the status of the law as to a court's authority under the First Step Act. E.g., United States v. Thunder Hawk, CR. 14-50008, 2021 WL 253456, at *5 (D.S.D. Jan. 26, 2021); United States v.

---

[2]The United States Sentencing Commission lacks a quorum and "currently has only two voting members, two short of the four it needs to amend the [U.S.S.G.]." United States v. Marks, 455 F. Supp. 3d 17, 24 (W.D.N.Y. 2020) (references omitted).

Magnuson, CR. 15-50095, 2020 WL 7318109, at *4-5 (D.S.D. Dec. 11, 2020); United States v. King, CR. 15-50050, 2020 WL 6146446, at *4-5 (D.S.D. Oct. 20, 2020). A summary of that survey is sufficient here.

This court has held it retains its independent authority "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release."[3] E.g., Magnuson, 2020 WL 7318109, at *5 (quoting United States v. Brooker, 976 F.3d 228, 237 (2d. Cir. 2020)); see also McCoy, 981 F.3d at 283 ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means that district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."); United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020) ("In cases where incarcerated persons file motions for compassionate release, federal judges . . . have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13."); and United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (agreeing with the Second Circuit that the Guidelines Manual "does not curtail a district judge's discretion").

---

[3]The United States Court of Appeals for the Eighth Circuit had several opportunities to address this issue but declined to do so. United States v. Vangh, 990 F.3d 1138, 1141 n.3 (8th Cir. 2021); United States v. Loggins, Jr., 966 F.3d 891 (8th Cir. 2020) and United States v. Rodd, 966 F.3d 740 (8th Cir. 2020).

The purpose of the First Step Act was to expand the availability of compassionate release based on judicial findings of extraordinary and compelling reasons without being restricted to those categories identified by the Sentencing Commission or the rationale used by the BOP before the passage of the First Step Act.  Despite the expanded authority under the First Step Act, the court finds Mr. Skrehot has not met his burden of proof by presenting "extraordinary and compelling reasons" warranting a sentence reduction under § 3582(c)(1)(A)(i).

Mr. Skrehot is 61 years old.  Mr. Skrehot relies on his medical conditions, history of skin cancer, age, sex, and being incarcerated during the COVID-19 pandemic as extraordinary and compelling reasons warranting compassionate release.  See generally Dockets 44, 54 & 59.

The Centers for Disease Control and Prevention ("CDC") recognizes the risk of severe illness as a result of COVID-19 increases with age, with older adults at higher risk.  See Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (updated Mar. 17, 2021) (last checked Apr. 23, 2021).  The CDC reports eight out of ten COVID-19 deaths are in people 65 years old and older.  Id.  The CDC identifies people age 50-64 as being 25 times more likely to require hospitalization as compared to those age 5-17 years old, though the greatest risk is to those 75 and older. Id.

Adults of any age are at increased risk of severe illness from COVID-19 if they have certain conditions. Recently, the CDC updated its understanding of the health conditions increasing the risk from COVID-19. See People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Mar. 29, 2021). The CDC now states individuals with the following conditions *can* be more likely to become severely ill from COVID-19: cancer, chronic kidney disease at any stage, chronic lung diseases (including moderate to severe asthma, chronic obstructive pulmonary disease ("COPD"), cystic fibrosis, and pulmonary hypertension), dementia or other neurological conditions, diabetes (type 1 or type 2), heart conditions (such as heart failure, coronary artery disease, cardiomyopathies, or hypertension), HIV infection, immunocompromised state, liver disease, overweight and obesity, being a current or former smoker, history of stroke or cerebrovascular disease, substance abuse disorders and several others. Id.

Mr. Skrehot has asthma and is overweight, which the CDC considers to be conditions that *can* increase the risk from COVID-19. Id. Medical sources indicate that the level of severity for asthma is classified in part by the frequency and intensity of symptoms and functional limitations. See Asthma Care Quick Reference, Nat'l Heart, Lung and Blood Inst., https://www.nhlbi.nih.gov/health-topics/all-publications-and-resources/asthma-care-quick-reference-diagnosing-and-managing (last visited Apr. 6, 2021).

10

Mr. Skrehot's medical records do not indicate he suffers from moderate to severe asthma. In fact, his asthma appears well controlled with his current inhaler regimen. (Docket 50 at p. 6). During one of his last medical assessments, Mr. Skrehot reported not having any recent exacerbations and stated his "asthma [was] under good control." Id. Absent any evidence supporting Mr. Skrehot has moderate to severe asthma, the court concludes this condition is not a risk factor for severe illness from COVID-19.

Mr. Skrehot falls into the overweight category with a BMI of 28.3. Being overweight is another condition that *can* increase the risk of severe illness from COVID-19. The CDC instructs the "risk of severe COVID-19 illness increases sharply with elevated BMI." See https://www.cdc.gov/coronavirus/2019-cov/need-extra-precautions/people-with-medical-conditions.html (last checked Apr. 5, 2021). Though Mr. Skrehot's BMI is technically elevated, he is not in the range of BMI that would persuade the court to consider release for extraordinary and compelling reasons. Cf. United States v. Waters, CR. 18-50008, 2021 WL 603152, at *2-3 (D.S.D. Feb. 16, 2021) (granting compassionate release to morbidly obese defendant with hypertension, pulmonary hypertension, atrial fibrillation, heart disease, asthma, and several other conditions).

Several courts, including courts in the District of South Dakota, have concluded that obesity (defined as a BMI greater than 30.0) does not necessarily warrant a reduction in sentence for extraordinary and compelling

reasons.  See United States v. Williams, CRIMINAL ACTION No. 15-571-3, 2020 WL 4756743, at *5 (E.D. Pa. Aug. 17, 2020); United States v. McAbee, CR. 14-40027, 2020 WL 5231439, at *3 (D.S.D. Sept. 2, 2020) (finding defendant with asthma and a BMI of 30.8 or 31.7 did not establish extraordinary and compelling reasons); United States v. Saenz, CR. 10-30027-01, 2020 WL 4347273, at *5 (D.S.D. July 29, 2020) (finding defendant with other medical conditions and a BMI between 40 and 44.9 did not establish extraordinary and compelling reasons).

With regard to the "cancer issue," there is scant evidence in the record explaining what Mr. Skrehot refers to.  There is no evidence Mr. Skrehot has a current diagnosis of cancer.  Mr. Skrehot, through counsel, advises he had skin cancer removed in 2019.  (Docket 54 at p. 9).  There is no indication Mr. Skrehot had any further problems after the removal of the skin cancer.  The CDC's instruction states: "[h]aving cancer *can* make you more likely to get severely ill from COVID-19" and "having a history of cancer *may* increase your risk."  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last checked Apr. 5, 2021) (emphasis added).  The court will consider Mr. Skrehot's history of skin cancer as a circumstance in his case; however, it is of limited persuasive value on this record.

The court concludes being overweight coupled with having mild asthma and a history of skin cancer that was removed without incident does not

12

constitute "extraordinary and compelling reasons" to warrant compassionate release.  Mr. Skrehot's age and sex do not significantly alter the court's analysis.  Overall, the medical records show that Mr. Skrehot is generally healthy and has not required significant medical care while incarcerated.  His asthma is capable of being controlled and managed while in a custodial setting and the evidence supports the BOP is currently doing so.  See United States v. Ayon-Nunez, No. 1:16-CR-00130, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.") (internal quotation omitted).

Mr. Skrehot's general concern about incarceration during the age of COVID-19 is understandable, but not an "extraordinary and compelling reason" justifying release.  The court finds Mr. Skrehot has not met his burden of proof and presented "extraordinary and compelling reasons" based on his medical conditions, age, sex, and conditions of confinement warranting a sentence reduction under § 3582(c)(1)(A)(i).

The court also recognizes the BOP's implementation of a COVID-19 vaccination program and administration of vaccines to inmates and staff. BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last checked Apr. 23, 2021).  As of August 5, 2021, 207,521 doses have been administered systemwide, and the number continues to rise.  Id.  At FCI Beckley 191 staff and 995 inmates were fully inoculated as of August 5, 2021.  Mr. Skrehot is among those who have received a first dose of the COVID-19 vaccine.  (Docket

55 at p. 66).   The court commends Mr. Skrehot for doing so and encourages other inmates to follow his example.

The court understands Mr. Skrehot's concern of being incarcerated during the age of COVID-19.   Nevertheless, Mr. Skrehot does not present "extraordinary and compelling" reasons for compassionate release.

### 3553(a) Factors

The court concludes the § 3553(a) factors do not support relief.   These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from further crimes of the defendant, among others.   18 U.S.C. § 3553(a)(1)-(7).

Mr. Skrehot pled guilty to distributing methamphetamine.   During an interview with law enforcement, Mr. Skrehot admitted to selling between five and ten pounds of methamphetamine in the Rapid City, South Dakota, area. (Docket 36 ¶ 8).   Mr. Skrehot purchased the methamphetamine in Colorado because it was better quality and transported it to South Dakota.   Id. ¶ 9.   For purposes of calculating his guideline range, Mr. Skrehot was held responsible for five pounds of methamphetamine.   Id. ¶ 11.   Mr. Skrehot, through his counsel, suggests his was a victimless crime.   (Docket 54, at p. 1).   The court disagrees and has frequently remarked on the ravage methamphetamine causes to individuals, families and communities.   Though an identified victim

may or may not be available, the offense of distributing methamphetamine is not without real victims.[4]

The court sentenced Mr. Skrehot to the mandatory minimum sentence of 120 months.  (Docket 42 at p. 2).  That sentence, mandated by Congress, reflects the seriousness of his offense, provides appropriate punishment, promotes respect for the law and hopefully deters criminal conduct.  To his credit, Mr. Skrehot appears to be on the right path and sincerely devoted to learning from this time in custody.  (Docket 50 at pp. 74-76).

**ORDER**

No good cause having been proven, it is

ORDERED that defendant's motion for compassionate release (Docket 44) is denied.

Dated August 5, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

---

[4]Indeed, Mr. Skrehot identified eight regular customers during his presentence interview.  Id. ¶ 8.