UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY SKREHOT,<br><br>Defendant. | 5:18-CR-50067-KES-01<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

Defendant, Gregory Skrehot, filed a motion, pursuant to 18 U.S.C.
§ 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive
Sentencing Guidelines provisions. Docket 66. Plaintiff, the United States of
America, opposes Skrehot's motion. Docket 67. For the following reasons,
Skrehot's motion for a sentence reduction is denied.

**DISCUSSION**

The process for considering a Section 3582(c) motion is well established.
As the Supreme Court has made clear, Section 3582(c) "does not authorize a . .
. resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010).
Rather, it provides only for the possibility of "a limited adjustment to an
otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's
instructions . . . to determine the prisoner's eligibility for a sentence
modification and the extent of the reduction authorized." *Id.* at 827. As to
whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the
court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C, amend. 759 (2011).

On December 12, 2019, the court sentenced Skrehot to 120 months in custody. *See* Dockets 41-42. Skrehot's Guideline range, based on a total offense level of 31 and a Criminal History Category of I, was 108-135 months in custody; however, due to the 10-year mandatory minimum sentence applicable to his offense, his range increased to 120-135 months. Docket 36 at 14; Docket 42-1 at 1. Skrehot requests a sentence reduction because he believes he qualifies under Amendment 821, Subpart 1 of Part B, which provides a decrease of two offense levels for zero-point offenders. Docket 66 at 1.

2

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added an adjustment for certain zero-point offenders, which now appears in Section 4C1.1. The provision states:

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G § 4C1.1.

The United States agrees that Skrehot meets the ten criteria, making him eligible for a two-level reduction to his offense level; but this reduction makes no difference because he is still subject to the ten-year mandatory minimum sentence. Docket 67 at 3-4.

Except in circumstances that are not present here, the court may not reduce a defendant's term to "less than the minimum of the amended guideline range" applicable after the changes to the Guidelines are applied. U.S.S.G. § 1B1.10(b)(2)(A). Decreasing Skrehot's offense level by 2 levels would result in a total offense level of 29 which, when coupled with his Criminal History

Category of I, results in a Guideline range of 87-108 months in custody. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table). But, under U.S.S.G. § 5G1.1(b), when "a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Pursuant to that provision, the lowest sentence Skrehot can receive is 120 months in custody. Because the new Guidelines amendment does not decrease the sentence that may be imposed on him, Skrehot is not eligible for relief. Therefore, the court denies Skrehot's motion.

## CONCLUSION

It is ORDERED that Skrehot's motion is DENIED.

Dated February 14, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE